UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-CV-60924-Jordan-McAliley**

LINDA C. REINFELD,

    Plaintiff,

v.

WEST ASSET MANAGEMENT, INC.,

    Defendant.

_____/

FILED by VT  D.C.
ELECTRONIC

June 23, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3. Plaintiff, LINDA C. REINFELD, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.   Defendant, WEST ASSET MANAGEMENT, INC., is a corporation and citizen of the State of Nebraska with its principal place of business at 11808 Miracle Hills Drive, Omaha, Nebraska 68154.

5.   Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.   Defendant regularly collects or attempts to collect debts for other parties.

7.   Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8.   Defendant left the following pre-recorded messages on Plaintiff's voice mail on her home telephone on or about the dates stated:

<u>June 2 to 24, 2008</u>
To interrupt this message and speak with a representative, please press the star key. This message is for Daniel Reinfeld. Please call me as soon as possible at 1-866-882-5881 for reference to account number 4704004. Again please call me back at 1-866-882-5881 for reference to account number 4704004. Thank you.

<u>June 2 to 24, 2008. Same message left on five ocassions</u>
Hello, this call is from West Asset Management, a debt collector. When you receive this message, please call us toll free at 866-882-5881. We thank you for your prompt reply. Once again our number is 866-882-5881.

9.   Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

10. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div.</u>, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

11. The messages appear to be seeking to collect a debt from Daniel Reinfeld.

12. Plaintiff is not liable for the debt of Daniel Reinfeld, nor does Mr. Reinfeld live with Plaintiff.

13. Plaintiff, as recipient of the messages, is alleged in some of the messages to be the object of debt collection activity and, accordingly, is a consumer as defined in the FDCPA.

14. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's home telephone.

15. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her home telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18.   Plaintiff incorporates Paragraphs 1 through 17.

19.   Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20.   Plaintiff incorporates Paragraphs 1 through 17.

21.   Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Valencia v The Affiliated Group, Inc</u>., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist.

4

LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

22. Plaintiff incorporates Paragraphs 1 through 17.

23. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing its name, that it is a debt collector and the purpose of its communications, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

5

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

24.    Plaintiff incorporates Paragraphs 1 through 17.

25.    By failing to disclose its name, that it is a debt collector and the purpose of its communication, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## TELEPHONIC HARASSMENT AND ABUSE IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26.    Plaintiff incorporates Paragraphs 1 through 17.

27. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. Plaintiff incorporates Paragraphs 1 through 17.

29. By failing to disclose its name, that it is a debt collector and the purpose of its communication, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's residential telephone to which Plaintiff had not consented, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

7

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff incorporates Paragraphs 1 through 17.

31. Defendant placed non-emergency telephone calls to Plaintiff's home telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(B).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages; and

b. Such other or further relief as the Court deems proper.

## COUNT VIII
## DECLARATORY AND INJUNCTIVE RELIEF

32. Plaintiff incorporates Paragraphs 1 through 17.

33. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the TCPA and the FCCPA.

8

34. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

35. Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the FCCPA.

36. Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. declaring that Defendant's practices violate the TCPA and the FCCPA;

    b. permanently injoining Defendant from engaging in the violative practices; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 23 day of June, 2009.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com

9

By: _____
      Donald A. Yarbrough, Esq.
      Florida Bar No. 0158658

10

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Linda C. Reinfeld

**DEFENDANTS**

West Asset Management, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

09cv60924-AJ/CMM

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case     15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ 1. Original Proceeding     ☐ 2. Removed from State Court     ☐ 3. Remanded from Appellate Court     ☐ 4. Refiled     ☐ 5. Transferred from another district (specify)     ☐ 6. Multidistrict Litigation     ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**     CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23     CLASS ACTION No     DEMAND $ N/A     ☐ Check YES only if demanded in complaint     JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):     JUDGE     DOCKET NUMBER

DATE: June 23, 2009     SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV 9/94

FOR OFFICE USE ONLY: Receipt No 316632     Amount: 350     Date Paid: _____     M/ifp: _____